[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11720

_____

D.C. Docket No. 4:96-cv-03257-RRA

JOHN HITHON,

Plaintiff-Appellant,

versus

TYSON FOODS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 16, 2014)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

This employment discrimination case is before us again for consideration of

the district court's award of attorney's fees and costs.  Appellant John Hithon

argues that the district court committed reversible error when ruling on his Motion

for Attorney's Fees and Costs (Petition).  Following lengthy employment discrimination litigation against Appellee Tyson Foods, Inc., Hithon prevailed on a single promotion discrimination claim and ultimately recovered approximately $364,000.00.  Appellant's counsel sought $2.9 million in fees and $56,000 in litigation costs.  The district court adopted hourly rates for attorneys lower than those sought by Appellant and applied an 80-percent across the board reduction to the Petition.  Further, the district court disallowed nearly $40,000 in litigation related expenses.  In response to Appellant's argument on appeal, Tyson maintains that the district court substantially reduced the fee award because it found that the Petition was not filed in good faith and was not based upon reasonable or scrupulous billing judgment.

We review an award of attorney's fees for abuse of discretion, reversing only if the court "fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous."  *ACLU of Ga v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (internal quotation marks omitted).  Determining reasonable attorneys' fees is "committed to the sound discretion of a trial judge, but the judge's discretion is not unlimited."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558, 130 S. Ct. 1662, 1676 (2010) (citation omitted).  The district court's findings of fact are

2

reviewed for clear error. *Atlanta Journal and Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006).

We recognize that the attorney fee provision of 42 U.S.C. § 1988 is critical to ensuring that employees can vindicate their rights by finding attorneys who are willing to take their claims on a contingency basis, even where the expected recovery is not large. However, upon review of the parties' briefs and the record before us, we find that, as a whole, the district court did not abuse its discretion in awarding Appellant's counsel fees far below what she requested. First, we cannot say that the magistrate judge abused his wide discretion in setting the hourly rates for Appellant's attorneys. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("It is the job of the district court in a given case to interpolate the reasonable rate based on an analysis of the skills enumerated above which were exhibited by the attorney in the case at bar . . . ."). Second, despite Appellant counsel's claim that she eliminated 1,500 hours from the Petition, it appears that she did not conduct an hour-by-hour review to separate successful claims from unsuccessful claims, even after having been asked by the magistrate judge to do so. Further, the district court provided numerous examples where Appellant sought to recover fees related to the failed claims of other plaintiffs and identified time entries where it was impossible to determine which hours were spent on Hithon's successful claim. Thus, we conclude that the district court did

3

not abuse its discretion in determining that Appellant's counsel failed to exercise billing judgment or in cutting Hithon's fees by a large percentage. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

Nevertheless, we find that with respect to a few discrete areas, the district court abused its discretion. First, the district court abused its discretion by failing to include fees related to Appellant's successful appeal. Although the court correctly noted that no fees should be awarded for Appellant's 2000 appeal, given that Hithon's promotion claim was not at issue, the hours spent on Appellant's successful 2005 appeal should be included. It appears, however, that Appellant's counsel has not distinguished between his successful and unsuccessful or unrelated appeals. *See* Doc. 477-1, p. 27. Accordingly, we add Appellant's requested hours for the work of attorneys Alicia and Kenneth Haynes before the 11th Circuit, at the hourly rates determined by the district court, applying the 80% across-the-board reduction for the reasons stated.[1]

---

[1] Appellant's counsel requested 463.8 hours for Alicia Haynes and 73 hours for Kenneth Haynes for their work in the Eleventh Circuit. *See* Case No. 4:96-cv-03257, Doc. 477-1, p. 27. The district court awarded hourly rates of $375.00 and $325.00 for Alicia and Kenneth Haynes respectively. *See* Case No. 4:96-cv-03257, Doc. 478, p. 22. Accordingly, we add $ 39,530 to the fee award for appellate work.

Second, we find that it was an abuse of discretion to exclude the fees accrued by attorney Eric Schnapper for his work on behalf of Appellant before the United States Supreme Court. Accordingly, we add Appellant's requested hours for Schnapper's work, at the hourly rate determined by the district court.[2]

Finally, we find that the district court abused its discretion by denying the majority of Appellant's requested litigation costs without sufficient explanation. We have explained that "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). Appellant sought costs and expenses totaling $56,019.84, and submitted a table identifying each expense as well as affidavits supporting the requests. The district court awarded Appellant $16,480.51, essentially allowing each item to which Tyson did not object and a few others. The district court explained that the costs submitted were duplicative, and often lacked explanation or indication that they were associated with Hithon's single successful claim. For example, the district court disallowed all copying costs

---

[2] At oral argument, Appellant stated that Schnapper worked only on the Supreme Court appeals. The product of the 206 hours requested by Schnapper multiplied by the $375 rate set by the district court is $77,250 total. As the district court awarded only $15,450 to Schnapper in its Order, we award Schnapper an additional $61,800 for his work on the Supreme Court appeals. *See* Doc. 477-1, p. 27; Doc. 478, p. 22.

between October 14, 2008 and March 12, 2012, during which time only Hithon's case was proceeding.  Also, the district court did not allow the $1,092.50 which was awarded by the clerk of this court on January 19, 2012.  We agree that the Petition did not identify whether some of the costs were for Hithon's meritorious claim or for use in trial or appeal and that the Petition could have more clearly presented Appellant's taxable costs, but this court has explained that the "reasonableness" standard articulated in § 1988 is liberally applied.  *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987) (per curiam).  Thus, for the sake of simplicity and to ensure that § 1988 attorneys receive, at a minimum, the reasonable costs of their litigation, we award Appellant an additional $39,539.33, thus enabling him to recover the entirety of the costs sought in the Petition.

Therefore, we **REVERSE** in part and **REMAND** for the entry of judgment for an additional $101,300 in attorneys' fees, and an additional $39,539.33 in costs, bringing the total amount of attorneys' fees to $382,403.25, and total costs to $56,019.84.  We also find that since Appellant was partially successful in the instant appeal, his counsel is entitled to reasonable attorneys' fees for this appeal, to be added to the total.  If the parties are unable to agree upon a sum, we refer them to the Eleventh Circuit mediator.

6

In all other respects, we **AFFIRM** as the district court did not abuse its discretion.

**REVERSED AND REMANDED IN PART, AFFIRMED IN PART.**